Jo Ellen JACKSON, Appellant,

v.

James JACKSON, Appellee,

and

James JACKSON, Cross-Appellant,

v.

Jo Ellen JACKSON, Cross-Appellee.

Court of Appeals of Kentucky.

July 24, 1987.

As Modified Aug. 14, 1987.

Peter L. Ostermiller, G. William Blackburn, Jr., Louisville, for appellant-cross-appellee.

Ronald C. Bakus, Louisville, for appellee-cross-appellant.

Before HAYES, McDONALD and WEST, JJ.

McDONALD, Judge:

This is an appeal of a trial court's judgment which adopted as its findings of fact the tendered settlement agreement of one of the parties.

The Jacksons were married December 22, 1959, in Naples, Italy. One child, Nicole Ellen, was born of the marriage on April 7, 1972.

On February 24, 1983, a decree dissolving the marriage was entered; however, all other issues were reserved for trial in chief.

While trial was pending, the parties and their counsel became very embittered over the issues and the way the case was being handled. The record became voluminous. The circuit court assigned one week for trial starting April 9, 1984. After commencement of the trial, the parties began prolonged settlement conferences with the court taking an active part therein. Eventually, late on April 11, 1984, the parties announced that a *tentative* agreement had been reached and it was dictated into the record. After some time elapsed, a dispute arose. On June 3, 1984, Jo Ellen submitted a brief and her signed version of the agreement. The circuit court adopted this version of the agreement as its findings of fact and entered judgment accordingly. The agreement was never signed by James.

Under these circumstances, we conclude that error was committed in adopting the proposed agreement of Jo Ellen Jackson as the court's findings of fact. Findings of fact presuppose a trial. A trial presupposes testimony heard under oath. Admittedly, the trial was not completed. CR 52.01 states, "In all actions *tried* upon the facts without a jury ... the court shall find the facts specifically...." (Emphasis ours.) In the instant case, the circuit court made no findings of fact on its own and the case was not "tried," it was a proposed settlement. Although some testimony was heard, specifically, that of James Jackson and a real estate appraiser, there was, nevertheless, no trial within the meaning of the rule. There was no settlement because KRS 403.180 states that "parties to a marriage ... may enter into a *written* settlement agreement." (Emphasis added.) James Jackson refused to sign the agreement; therefore, there was no written agreement herein.

As the record stands before us, we cannot apply the standard of review imposed by the rules, that being, whether the circuit

court was clearly erroneous in its findings of fact. It made no findings of fact.

While Jo Ellen Jackson urges us to approve of the findings based upon her understanding of the agreement between the parties, on the other hand she claims error when the circuit court found a modification of the agreement. This caused her to appeal.

Lastly, although not argued, we see a severe problem with the Statute of Frauds, KRS 371.010(6), wherein a contract, not in writing and not signed by the party to be charged therewith, is ultimately enforced by the court. Herein, the tendered agreement disposed of the parties' interest in three pieces of real estate.

We therefore reverse on the direct and cross-appeals and remand the case for a trial in chief on all issues that remain.

All concur.